**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KAZUE SWEDBERG,

Plaintiff,

v.

EMIL MAROTZKE,

Defendant.

Civil No. 00-2421 (DWF/RLE)

**ORDER**

---

David Maring, Esq., Maring Williams, 400 Broadway East, Suite 307, P.O. Box 795, Bismarck, ND 58502, counsel for Plaintiff.

Robert Harris Esq., Thomas Stanton, Esq., and John Clemency, Esq., Quarles and Brady, Firstar Plaza, One South Pinckney Street, Suite 600, Madison, WI 53703-2808 and Quarles & Brady Streich Lang LLP, Renaissance One Two North Central Avenue, Phoenix, AZ 85004-2391, ALL NOT ADMITTED, counsel for Defendant.

---

It has come to the attention of the court that for some reason, such as bankruptcy, an appeal, or a concurrent case in another court, no action can presently be taken in this case pending before this court. The court, therefore, will administratively terminate this case. An order administratively terminating a case is purely an administrative device for the convenience of the court and in no way affects the substantive rights of the parties to proceed before the court at a later date. To terminate a case administratively means to close a case for statistical purposes in the office of the Clerk of Court and the Administrative Office of the United States Courts. The case in actuality remains active and pending before the court, but it is statistically inactive. An administratively closed case can be easily reopened by a simple order of the court when the case is in a posture that the court can

Filed JAN 30 2002
Richard D. Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

once again go forward with it. The case then becomes a statistically active case and resumes the same status it had before the termination without prejudice to the rights of the parties involved.

Accordingly, **IT IS ORDERED** that:

The Clerk of Court shall administratively terminate this case in his records without prejudice to the right of the parties to move to reopen the proceedings for good cause, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of this litigation.

Dated: January 30, 2002

DONOVAN W. FRANK
Judge of United States District Court